UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

HENRY G. HINTON,

        PLAINTIFF,

    VS                                  06-3109

NEIL WILLIAMSON, et al.,

        DEFENDANTS.

The plaintiff, Henry G. Hinton,  currently incarcerated by the Illinois Department of Corrections has filed a petition to proceed in forma pauperis and submitted a complaint.  The plaintiff names as defendants, Neil Williamson, the Sangamon County Jail and the jail administrator of Sangamon County Jail.

**Standard**

The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).[1]  The merit review standard is the same as a motion to dismiss standard.

It is well established that *pro se* complaints are to be liberally construed.  *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972).  *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980).  They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff.

---

[1]Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

*Bethlehem SteelCorp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990).  Allegations in other filings may be considered if consistent with the complaint, *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n. 2 (7th Cir. 1997), and attachments to the complaint are incorporated as part of the complaint, *see International Mktg., Ltd. v. Archer-Daniels-Midland Co.*, 192 F.3d 724, 729 (7th Cir. 1999). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff.  *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

### Allegations

On or around Februay 24, 2006, the plaintiff was booked into Sangamon County Jail.  He was issued a brown disposable spoon.  He claims the spoon was never taken to be cleaned or sterilized.  He has been using the spoon since February 24, 2006.  He does not allege that he was harmed.  Further, the court reasonably assumes that the plaintiff could have thrown away the disposable spoon.  Further, the plaintiff does not allege that he did not have access to soap and water, which means he could have cleaned the spoon himself.  This claim is dismissed pursuant to Fed. R. Civ. Pro. Rule 12(b)(6), as it fails to state a claim upon which relief may be granted.

The plaintiff also claims that since February 24, 2006, he has been sleeping on the concrete floor.  S*ee Jacobs v. Anderson*, 2000 WL 1644503 (N.D. Ill. 2000)(listing Northern District cases holding that forcing detainees to sleep on mattresses on the floor due to overcrowding does not violate Constitution).

The plaintiff also complains that recreation is provided, but he cannot take jail uniform off or shirt off; he has to play basketball in uniform and "do not get a clean after."   This claim is dismissed pursuant to Fed. R. Civ. Pro. Rule 12(b)(6), as it fails to state a claim upon which relief may be granted.  He also complains that recreations is not provided everyday. For most adults, recreation is no an everyday event.   However, if the plaintiff is really attempting to say he is not allowed an opportunity to exercise everyday, his claim fails.  "Exercise is no longer considered an optional form of recreation, but is instead a necessary requirement for physical and mental well-being."  *Delaney v. DeTella*, 256 F.3d 679, 683-84 (7th Cir. 2001).  Limited denials of exercise, however, are not unconstitutional.  *Id.*

The plaintiff also complains that he has to stand to eat and watch television.  There are only 21 chairs for 48 inmates and there are only 24 rooms for 24 inmates.  The plaintiff also complains that there is no panic button in rooms where 2 inmates are housed. These claims are dismissed pursuant to Fed. R. Civ. Pro. Rule 12(b)(6), for failure to state a claim upon which relief may be granted.

**It is therefore ordered:**

1.      **The clerk of the court is directed to file the plaintiff's complaint, forthwith.**
2.      **Pursuant to 28 U.S.C. §1915A and Fed. R. Civ. Pro. Rule 12(b)(6), the plaintiff's entire lawsuit is dismissed for failure to state a claim upon which relief may be granted.**
3.      **The February 14, 2007 Rule 16 conference, the November 8, 2007 final pretrial**

conference and December 6, 2007 jury trial are cancelled.

4.      Any remaining matters are rendered moot.

Enter this 21st day of February 2007.


                                s\Harold A. Baker
                    _____
                        Harold A. Baker
                    United States District Judge